**Manahan v. Rhoades**

*Joseph P. Green,* for plaintiffs.

*Scott C. Etter,* for defendant Designer's Edge by Lou Inc.

*David D. Engle,* for defendant Dan Dolan t/d/b/a B&L Excavating.

*Robert H. Bascom,* for defendant Joseph Belsky t/d/b/a Belmor.

RUEST, *J.,* January 20, 2010—Presently before the court are complaints filed by plaintiffs Michael P. Manahan Sr. and Georgina Manahan on January 2, 2007, and by Michael P. Manahan Sr. on April 2, 2008. These two complaints have been consolidated for purposes of trial. Upon consideration of evidence presented at a non-jury trial and of proposed findings of fact and conclusions of law, the court finds in favor of plaintiffs.

## BACKGROUND

Plaintiffs Michael P. Manahan Sr. and Georgina Manahan filed a complaint against Designer's Edge by Lou Inc., Dan Dolan t/d/b/a B & L Excavating, and Joseph Belsky t/d/b/a Belmor Landscaping on January 2, 2007. Plaintiffs' claim amounts to $3,935 and involves alleged pooling of water and improper drainage. A separate complaint was filed by plaintiff Michael P. Manahan Sr.

against Robert Rhoades d/b/a Designer's Edge by Lou Inc. on April 2, 2008. This second complaint seeks $4,150 and involves problems with roof gutters, downspouts, and sumps. The court held a non-jury trial in two parts, hearing some testimony on May 7, 2009, and concluding on November 4, 2009. The parties submitted written proposed findings of fact, proposed conclusions of law, and briefs.

## FINDINGS OF FACT

(1) Plaintiffs Michael P. Manahan, Sr. and Georgina Manahan own a house located at 260 Pantops Parade, Patton Township, Centre County, Pennsylvania.

(2) Defendant Designer's Edge by Lou Inc. is a Pennsylvania corporation having an address of 256 Blackberry Hill, Port Matilda, Centre County, Pennsylvania.

(3) Defendant B & L Excavating Inc. is a Pennsylvania corporation owned by Brian and Lisa Ashcraft having a business address of 177 Ashcraft Lane, Bellefonte, Centre County, Pennsylvania.

(4) Defendant Joseph Belsky, t/d/b/a Belmor Landscaping, is an adult individual residing and conducting business at 596 Green Grove Road, Spring Mills, Centre County, Pennsylvania.

(5) On or about February 4, 2006, plaintiffs entered into a sales agreement with defendant Designer's Edge in which said defendant sold the plaintiffs a spec house that Designer's Edge had constructed at 260 Pantops Parade, Patton Township, Centre County, Pennsylvania.

(6) The agreement imposed a duty on the general contractor, Designer's Edge, to complete all site work at the property.

(7) Defendant B & L performed all of the excavating work at plaintiffs' property under the supervision of the general contractor Robert "Lou" Rhodes of Designer's Edge.

(8) B & L performed numerous excavating services including work that is generally described in the construction field as "rough grading."

(9) Dolan, of B & L, met with Rhodes, of Designer's Edge, on the site to review B & L's plans for the rough grading and the design and installation of the sumps.

(10) Rhodes approved the plans and directed Dolan to proceed.

(11) An employee of B & L, Rob Smith, performed most of the actual work.

(12) Rhoades was at the site on a daily basis and approved the work undertaken by B & L.

(13) Defendant Belmor was hired by plaintiffs to perform landscaping services.

(14) Defendant Belmor performed fine grading which included rock hounding, hand raking, and seeding of the lawn areas.

(15) Fine grading consists of preparing the seed bed by working the top one-half to one inch of the soil.

(16) Belmor's work in the septic drain field consisted of hand raking and seeding.

(17) Belmor was advised not to disturb any of the natural areas and therefore did not complete any work in the natural area along the left or right sides of the driveway.

(18) Belmor was not responsible for rough grading.

(19) Rough grading sets the slopes and runs to allow water to drain away from the home.

(20) Belmor did not adjust any of the rough grading by his fine grading.

(21) The topsoil left for Belmor was approximately one ton.

(22) Belmor spread topsoil on the right side of the driveway in the area of the mailbox, in the lawn area, and across the street to repair ruts left by construction vehicles.

(23) Belmor performed all of its services in a workmanlike manner.

(24) The other water issues, including the missing sumps and overflowing gutters, were completed prior to Belmor performing the final grading and seeding at the premises.

(25) The ponding complained of by plaintiffs was caused by the rough grading work and issues with the sumps.

(26) Plaintiffs made reasonable efforts to encourage or urge the contractor to correct the deficiencies, but these efforts were unsuccessful.

(27) Plaintiffs hired another contractor, Ameron Construction, to perform remedial work.

(28) Plaintiffs paid Ameron Construction the amount of $3,935 for this work.

(29) Plaintiffs also hired Ameron Construction to correct deficiencies with the gutters, downspouts, and sumps.

(30) Plaintiffs paid Ameron Construction the amount of $4,150 for this work.

## CONCLUSIONS OF LAW

(1) When a party to a contract does not receive full performance in accordance with the terms of an agreement, that party is entitled to recover compensatory damages. *Douglass v. Licciardi Construction Co.,* 386 Pa. Super. 292, 562 A.2d 913 (1989); Restatement (Second) of Contracts §348(2).

(2) The cost to repair constitutes a proper measure of damages in such circumstances. *Ecksel v. Orleans Construction Co.,* 360 Pa. Super. 119, 519 A.2d 1021 (1987).

(3) The cost of the repairs performed by Ameron Construction was not excessive.

## DISCUSSION

These two cases involve contract law as it relates to the sale and construction of a residential home. Plaintiffs contend that they have not received what they paid for. There are two general categories of water-related claims. The first claim deals with the four areas of improper water drainage and ponding: (1) Water was pooling on

the septic drain field; (2) Water was pooling on the left side of the driveway; (3) Water was pooling on the front swale near the driveway on the right side; and (4) Water was pooling near the basement walkout and at the end of the swale near the basement walkout. The second claim deals with the downspouts, gutters and sumps.

Plaintiffs aver they made reasonable efforts to encourage or urge the contractor to correct the deficiencies and that these efforts were unsuccessful. Plaintiffs then hired another contractor, Ameron Construction, to perform remedial work. Representatives from Ameron Construction testified as to the completion of the repairs as well as the cost of the same. Plaintiffs are seeking compensatory damages for this remedial work.

When a party to a contract does not receive full performance in accordance with the terms of an agreement, that party is entitled to recover compensatory damages. *Douglass v. Licciardi Construction Co.,* 386 Pa. Super. 292, 562 A.2d 913 (1989); Restatement (Second) of Contracts §348(2). The cost to repair constitutes a proper measure of damages in such circumstances. *Ecksel v. Orleans Construction Co.,* 360 Pa. Super. 119, 519 A.2d 1021 (1987).

Plaintiffs contend that Designer's Edge was contractually responsible for "all site work" according to the specifications prepared by Designer's Edge as set forth in the sales agreement. Designer's Edge maintains the work performed was not defective and, in the alternative, that any mistakes were the fault of B & L. Defendants Designer's Edge and B & L also maintain that it was

Belmor's fine grading that caused the pooling and ponding problems.

The evidence established that the general contractor, Designer's Edge, and its excavating contractor, B & L, were responsible for all site excavation work, including the rough grading. Belmor was hired to perform fine grading and seeding at the property only. Belmor performed this work and did not adjust any of the rough grading.

The court determines that the rough grading and the sumps were not sized or placed properly in that they failed to adequately perform their intended duty and did not prevent rainwater from pooling and ponding on plaintiffs' property. The court determines defendant Designer's Edge is responsible for this mistake, and defendant B & L is liable to Designer's Edge for half of the amount owed to plaintiffs. The court further determines that no act or omission by defendant Belmor caused any of the water conditions alleged by the plaintiffs in their complaint. The court finally determines that defendant Belmor has no liability to the plaintiffs on their initial claim relating to water ponding and pooling and has no liability to defendants Designer's Edge or B & L on their cross-claims.

Accordingly, the following is entered:

## VERDICT AND ORDER

And now, January 20, 2010, following a non-jury trial held in the above captioned case, upon consideration of the evidence submitted at that trial, verdict is entered

in favor of plaintiffs in both cases. The court orders the following:

(1) Defendant Designer's Edge by Lou shall pay the amount of $3,935 to plaintiffs within 30 days of the date of this order as damages for plaintiffs' claims in case number 2006-4800.

(2) Defendant Dan Dolan, t/d/b/a B & L Excavating, shall pay the amount of $1,967.50 to defendant Designer's Edge by Lou within 30 days of the date of this order as damages for defendant Designer's Edge by Lou's cross-claim in case number 2006-4800.

(3) Defendant Designer's Edge by Lou shall pay the amount of $4,150 to plaintiff within 30 days of the date of this order as damages for plaintiff's claims in case number 2008-0926.